UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG L. FLENORY, ) | 1:10-CV-00539 SMS HC |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| v. ) | [Doc. #9] |
| ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| JAMES D. HARTLEY, ) | OF HABEAS CORPUS |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| _____ ) | TO ENTER JUDGMENT AND CLOSE CASE |
| | |
| | ORDER DECLINING ISSUANCE OF |
| | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by plea of guilty on January 29, 2004, to gross vehicular manslaughter while intoxicated and felony drunk driving. On March 25, 2004, Petitioner was sentenced to serve a determinate term of 14 years in state prison. He did not appeal.

---

[1] This information is derived from the documents lodged by Respondent with his motion to dismiss.

Petitioner filed five post-conviction collateral challenges with respect to the pertinent judgment in the state courts as follows:

1. Tulare County Superior Court
   Filed: August 6, 2007[2];
   Denied: August 13, 2007;

2. California Court of Appeal, Fifth Appellate District
   Filed: November 9, 2007;
   Denied: November 20, 2007;

3. Tulare County Superior Court
   Filed: April 10, 2009;
   Denied: May 6, 2009;

4. California Court of Appeal, Fifth Appellate District
   Filed: June 1, 2009;
   Denied: June 4, 2009;

5. California Supreme Court
   Filed: June 17, 2009;
   Denied: November 19, 2009.

On March 23, 2010[3], Petitioner filed a federal petition for writ of habeas corpus in this Court. On June 25, 2010, Respondent filed a motion to dismiss the petition for violation of the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) and for failure to exhaust state remedies. Petitioner filed an opposition on July 13, 2010. Respondent filed a reply on July 26, 2010.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

---

[2] Pursuant to the mailbox rule, the Court deems the various petitions filed on the dates they were signed and presumably handed to prison authorities for mailing. Rule 3(d), Rules Governing Section 2254 Cases; Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001).

[3] Although the petition was filed in this Court on March 26, 2010, it contains a proof of service dated March 23, 2010. Pursuant to the mailbox rule, the Court will deem the petition filed on March 23, 2010, the date Petitioner presumably handed his petition to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for failure to exhaust state remedies. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 23, 2010, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, Petitioner did not appeal. Therefore, direct review concluded on May 24, 2004, when the sixty (60) day period for filing an appeal expired. Cal. Rules of Court, rule 30.1 (renumbered to rule 8.308).  The statute of limitations commenced on the following day, May 25, 2004, and expired one year later on May 24, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until March 23, 2010, exceeding the due date by nearly five years.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). If the state court states the petition was untimely, "that [is] the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was "entangled" with the merits." Carey, 536 U.S. at 226; Pace, 544 U.S. at 414.

As previously stated, the statute of limitations began to run on May 25, 2004, and expired on May 24, 2005.  Petitioner did not file any post-conviction applications for collateral relief in the state

courts in that time frame. His first state habeas petition was filed on August 6, 2007, which was over two years after the limitations period had already expired. Since the limitations period had already expired, he is not entitled to statutory tolling. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

Accordingly, the federal petition remains untimely.

D.  Tolling Pursuant to 28 U.S.C. § 2244(d)(1)(C)-(D)

It appears from Petitioner's opposition that he seeks to circumvent the untimeliness of his petition by arguing that he is entitled to a later start date based on the Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007).  Petitioner is not entitled to a later start date, either under § 2244(d)(1)(C) or (D).  Pursuant to § 2244(d)(1)(C), the statute of limitations runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As noted by Respondent, Cunningham is to be applied retroactively; however, it is not a new rule. Butler v. Curry, 528 F.3d 624, 639 (9th Cir.2008), *cert. denied*, __ U.S. __, 77 U.S.L.W. 3359 (Dec. 15, 2008).  It is only a further application of the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Therefore, § 2244(d)(1)(C) does not apply.

Under § 2244(d)(1)(D), the statute of limitations commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In this case, Petitioner fails to establish that he acted with due diligence.  As discussed above, Cunningham did not announce a new rule.  It was based on the rule announced in Apprendi in 2000.  Petitioner knew or should have discovered the factual predicate for his claims at sentencing. Even so, Petitioner delayed filing his first state habeas petition until seven months after Cunningham was decided in 2007.  Therefore, Petitioner failed to act diligently.  Moreover, none of the claims presented in the federal petition are based on Cunningham.  Thus, 28 U.S.C. § 2244(d)(1)(D) does not apply.

E.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In this case, Petitioner makes no claim for equitable tolling. In addition, the Court finds no extraordinary circumstance sufficient to justify equitable tolling.

F.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations

of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises four grounds for relief.  Respondent contends that all four claims have not been presented to the California Supreme Court and are therefore unexhausted.  The Court has reviewed the petition for review filed with the California Supreme Court.  None of the grounds presented in this petition were raised in the petition for review.  Therefore, the instant petition is unexhausted and must be dismissed.  28 U.S.C. § 2254(b)(1).

G.   Motion for Stay

Petitioner requests a stay of the proceedings pending exhaustion of state remedies. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his

claims first in state court." Id. at 277.

The Court does not find good cause to stay the proceedings. The petition is untimely; therefore, any claims Petitioner could exhaust by returning to state court would likewise be untimely.

H.   Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

     In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus petition is DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period, and his failure to exhaust state remedies;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   August 5, 2010**                              /s/ Sandra M. Snyder
                                                                                     UNITED STATES MAGISTRATE JUDGE